**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
NEW YORK 555 LLC,

                              Plaintiff,                          **25-CV-1823 (DEH) (KHP)**

             -against-                                           **ORDER**

1055 PARK AVE PH LLC et al.,

                              Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

On October 29, 2025, Plaintiff filed a Letter with the Court stating that "the summons, complaint, notice of pendency, exhibits and notices are 'out for service' with a process server." (ECF No. 19)  Plaintiff further requests, pursuant to Federal Rule of Civil Procedure ("Rule") 4(m), an extension of time to effect service, in light of the bankruptcy stay that prohibited Plaintiff from serving Defendants from March 9, 2025 through September 10, 2025. The Court finds that good cause for an extension has been shown and GRANTS Plaintiff's request.

## LEGAL STANDARD

A plaintiff has 90 days to serve the defendant after a complaint is filed.  Fed R. Civ. P. 4(m).  "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* "But if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added); *see also Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010) ("Judge Sand's order stating that 'good cause' had been shown is best read as a finding that the plaintiffs' failed attempts at service warranted an extension of time to serve, as well as

a grant of permission to use the alternative method of service by marshal. And once this good

cause finding was made, an extension of time to serve was mandatory, not discretionary.");

*Mason Tenders Dist. Council Pension Fund v. Messera,* No. 95 Civ. 9341, 1997 WL 221200, at *3

(S.D.N.Y. April 1, 1997) (finding that under Rule 4(m) the plaintiff shoulders the burden of

showing that they had good cause).

The Second Circuit has interpreted this rule to give courts considerable flexibility in

deciding whether to extend time for service. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d

Cir. 2007). "Good cause is measured against the plaintiff's reasonable efforts to effect service

and the prejudice to the defendant from the delay." AIG Managed Mkt. Mut. Fund v. Askin Cap.

Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000) (citing *Motel 6 Sec. Litig. v. Hugh Thrasher*, No.

93 Civ. 2183 (JFK), 1995 WL 431326, at *2 (S.D.N.Y. July 20, 1995) (collecting cases)). "A delay in

service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does

not constitute good cause."  *Id. (*citing *Myers v. Secretary of the Dep't of the Treasury,* 173

F.R.D. 44, 47 (E.D.N.Y.1997) (collecting cases)

**DISCUSSION**

The Court finds that the Plaintiff has shown "good cause" within the meaning of Rule

4(m). The chronology of the above-entitled action speaks for itself: subsequent to the filing of

the commercial foreclosure on March 4, 2025, the Complaint was filed and the summons issued

on March 5, 2025. But on March 9, 2025, the mortgagor's member filed for bankruptcy

triggering an automatic stay that precluded service while the stay was in effect. The stay was

2

lifted on September 10, 2025, but during the six-month interregnum, service was impracticable. Rule 4(m) does not require a party to do the impossible.

Here, there is no suggestion of dilatoriness or gamesmanship – the plaintiff acted relatively promptly once the stay was lifted, has retained a process server and is now awaiting confirmation of service.  The brief extension that is sought is one that the Court must accommodate.

## CONCLUSION

In light of the foregoing the Court extends the due date of service to November 21, 2025, finding that deadline to constitute an appropriate extension of time.

**SO ORDERED.**

DATED:    New York, New York
          October 30, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge

3