```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NEW YORK 555 LLC,

                           Plaintiff,                              25-CV-1823 (DEH) (KHP)

          -against-                                                OPINION AND ORDER

1055 PARK AVE PH LLC et al.,

                           Defendants.
----------------------------------------------------------------X
```

**KATHARINE H. PARKER, United States Magistrate Judge:**

On November 14, 2025 Plaintiff filed a Letter requesting that: (1) Thomas Majewski ("Majewski") be substituted as defendant in lieu of "John Doe" and "Jane Doe"; (2) "John Doe" and "Jane Doe" be removed from the case caption; and (3) the Court grant a 45-day extension to Plaintiff's deadline to serve Majewski with an amended complaint that names him personally. The Court GRANTS Plaintiff's request in its entirety.

## BACKGROUND

After the Court ordered an extension of time for Plaintiff to complete service on October 30, 2025 (ECF No. 20), Plaintiff executed service of process in compliance with the Court's order and the deadline set therein. (ECF Nos. 28-33) On November 7, 2025, the Plaintiff's process server delivered the Summons and Complaint to the tenant occupying 1055 Park Avenue, Unit PH, New York, NY 10028 – the property at issue in this foreclosure. The tenant, Majewski, was identified for the first time by name, and served under the placeholder name "John Doe #1." (ECF No. 32)

**LEGAL STANDAMENT**

**LEGAL STANDARD**

**1. Substitution Under the Real Property Actions and Proceedings Law ("RPAPL")**

Under N.Y. RPAPL Section 1311, the necessary parties to a mortgage foreclosure action include: "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee …" N.Y. RPAPL § 1311(3).  The RPAPL requires a foreclosure plaintiff to join as defendants all persons "whose interest is claimed to be subject and subordinate to the plaintiff's lien." *Id*.  Under the statute, "tenants are clearly necessary parties to a foreclosure action." *6820 Ridge Realty LLC v. Goldman*, 263 A.D.2d 22, 25-26 (2d Dept. 1999).  This requirement reflects the basic purpose of foreclosure proceedings: to extinguish the redemption rights of all parties holding subordinate interests and to convey full title to the purchaser at the judicial sale.  *See Bank of America, N.A. v. 3301 Atlantic, LLC*, No. 10 Civ. 5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (collecting cases).

When multiple parties are involved, substitution under the RPAPL cannot destroy complete diversity of citizenship.  *Israel v. Carpenter*, No. 95 Civ. 2703 (DAB), 1995 WL 640534, at *2 (S.D.N.Y. Oct. 31, 1995).  However, the citizenship of nominal parties is disregarded for the purposes of establishing complete diversity.  *See Pepsico v. Wendy's Int'l*, 118 F.R.D. 38, 45 (S.D.N.Y. 1987).  A defendant is considered nominal if the plaintiff does not genuinely seek

relief against that party. *New York Shipping Ass'n v. Int'l Longshoremen's Ass'n*, 276 F. Supp. 51, 53 (S.D.N.Y. 1967).

   2. **Extension of Deadline Under Rule 4(m)**

A plaintiff has 90 days to serve the defendant after a complaint is filed. Fed R. Civ. P. 4(m). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. (emphasis added); *see also Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010) ("Judge Sand's order stating that 'good cause' had been shown is best read as a finding that the plaintiffs' failed attempts at service warranted an extension of time to serve, as well as a grant of permission to use the alternative method of service by marshal. And once this good cause finding was made, an extension of time to serve was mandatory, not discretionary."); *Mason Tenders Dist. Council Pension Fund v. Messera*, No. 95 Civ. 9341, 1997 WL 221200, at *3 (S.D.N.Y. April 1, 1997) (finding that under Rule 4(m) the plaintiff shoulders the burden of showing that they had good cause).

The Second Circuit has interpreted this rule to give courts considerable flexibility in deciding whether to extend time for service. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." *AIG Managed Mkt. Mut. Fund v. Askin Cap. Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) (citing *Motel 6 Sec. Litig. v. Hugh Thrasher*, No.

93 Civ. 2183 (JFK), 1995 WL 431326, at *2 (S.D.N.Y. July 20, 1995) (collecting cases)). "A delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *Id*. (citing *Myers v. Secretary of the Dep't of the Treasury*, 173 F.R.D. 44, 47 (E.D.N.Y. 1997) (collecting cases).

## DISCUSSION

1. **Motion to Substitute Necessary Party**

Here, Majewski's established residence at the Property makes him a necessary party to the foreclosure proceeding. *See 1426 46 St., LLC v. Klein,* 876 N.Y.S.2d 425, 427 (2d Dept. 2009) (holding that plaintiff was required to join defendants as individuals that held and estate or an interest in possession of the property being foreclosed upon) (collecting cases). Because he resides at the premises, his interest must be addressed to ensure that all subordinate rights of possession are properly extinguished through the foreclosure process. *Id.* ("tenants are necessary parties to a foreclosure action.")

The Court further finds that Majewski's involvement in the action would be purely nominal. Indeed, Plaintiff does not seek any affirmative relief or judgment against him, and his inclusion is required only insofar as it is needed to bind any possessory interest he may have as a tenant. *See Glynn v. Gonda*, 06 Civ. 5447 (NRB), 2006 WL 2109457, at *1 (S.D.N.Y. July 26,

2006) (finding that a defendant was nominal because it was joined solely because "it is a party which can facilitate the relief sought.")

Because Majewski's role is limited to that of a nominal defendant, his citizenship in New York does not destroy or otherwise affect diversity jurisdiction. *Pepsico*, 118 F.R.D. at, 45. Accordingly, substitution of Majewski as a defendant is appropriate.

### 2. Motion to Amend Caption

In light of the foregoing, Plaintiff's motion to amend the caption to add "Thomas Majewski" in lieu of "John Doe" and "Jane Doe" is GRANTED based upon the proffered affidavit of service for Majewski demonstrating his tenancy at the mortgaged property.

### 3. Motion for an Extension of Time

The Court finds that the Plaintiff has shown "good cause" for an extension within the meaning of Rule 4(m). Without belaboring the chronology of the action which the Court unpacked in its October 30, 2025 Order, the Court is persuaded that it would have been impossible to serve Majewski until his name was discovered at the time of service. Furthermore, to the extent that that process was already served on Majewski, he would not have been required to respond given he was not, under the prior case caption, a named party.

## CONCLUSION

Accordingly, the Court GRANTS Plaintiff's motion to substitute Thomas Majewski as defendant in lieu of "John Doe" and "Jane Doe and respectfully directs the Clerk of Court to amend the case caption accordingly. The Court also GRANTS Plaintiff's motion of extension of

time to serve the amended complaint. Service of process on the substituted defendant shall be completed on or before **January 5, 2026**.

    SO ORDERED.

DATED:   November 18, 2025
             New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge