

Shauna M. DeLuca, Esq.
450 Seventh Ave, Suite 1901
New York, New York 10123
T. 212.643.6677
F. 347.491.4048
E. sdeluca@hasbanilight.com

March 17, 2026

**VIA CM/ECF**
The Honorable Magistrate Judge Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> **RE:** *New York 555 LLC v. 1055 Park Ave PH LLC, et al.*
> **Case No.: 25-cv-01823-DEH-KHP**

Dear Magistrate Parker,

We represent the plaintiff New York 555, LLC ("Plaintiff") in the above-referenced commercial foreclosure action. Pursuant to the Scheduling Order entered by the Court on March 16, 2026, please accept this letter regarding Plaintiff's position as to whether this entire action is stayed by the guarantor defendant, Jeffrey Simpson's ("Simpson") recent Chapter 11 Bankruptcy filing before the Southern District of New York Bankruptcy Court (the "Bankruptcy"). *See,* Docket No. 26-10359-lgb.

Plaintiff does not believe the Bankruptcy stays this entire action, *so long as* the case does not proceed or take any steps toward judgment against Simpson. There are three relevant cases Plaintiff relies upon. Before getting into the legal analysis, it's important that the parties and their roles are clear. Simpson does ***not*** own the Subject Property nor does he reside there. The Subject Property is owned by the borrower, 1055 Park Ave PH LLC (hereinafter the "LLC"), and Simpson is the guarantor of the Note signed by the LLC.

### In re Sheu

In *In re Sheu*, No. 1-09-439929DEM, 2009 WL 1794473 (Bankr. E.D.N.Y. 2009), the individual debtor was the sole owner of all shares of the non-debtor corporation that owned the real property where the debtor resided. A judgment of foreclosure was entered pre-petition and a foreclosure sale of the property took place the day after the debtor filed a chapter 13 petition.

The debtor sought to rescind the foreclosure sale. The court refused to extend the automatic stay to the property owned by the non-debtor corporation. The court discussed the separate legal identity of corporations which would not bring the property within the scope of the debtor's estate. As discussed by the Second Circuit's analysis in *In re Fogarty* (discussed below), a primary reason for the Court's decision in *Sheu* was that the individual debtor was not named a defendant in the foreclosure action.

## In re Ebadi

In *In re Ebadi*, 448 B.R. 308 (Bankr. E.D.N.Y. 2011), the real property was owned by a corporation, not the debtor personally. The debtor, Madjid Ebadi, guaranteed the mortgage loan and was named a defendant in the foreclosure action due to potential liability for a deficiency judgment. A judgment of foreclosure and sale was entered pre-petition. The debtor then filed a chapter 13 petition, but the lender proceeded to foreclosure sale anyway. The court held that the sale violated the automatic stay and the sale was void.

Critical to the court's analysis was the debtor's status as a named defendant in the foreclosure judgment, which arose because he had guaranteed payment of the corporation's debt on the mortgage. The *Ebadi* court thus explained that the foreclosure sale "constitute[d] a continuation of a judicial action against the debtor." *Id.*, at 314; *see also,* 11 U.S.C. § 362(a)(1). While the sale "was not the final step required in order to obtain a deficiency judgment" against the debtor, it was "a significant step in [that] process." *Id., see also,* 11 U.S.C. § 362(a)(6).

The *Ebadi* court explicitly held that "[t]he stay violation in this case is predicated on [the seller's] actions taken in furtherance of the Foreclosure Judgment against, *inter alia*, Debtor [herself]." 448 B.R. at 316. The *Ebadi* court went on to explain that "[h]ad [lender] dismissed debtor from the Foreclosure Action and removed Debtor from the Foreclosure Judgment prior to the sale going forward, the case would likely have been sufficiently analogous to collecting from a non-filing co-obligor such that [lender] would likely not have been stayed from collecting from [the corporation]." *Id.*

## In re Fogarty

In *In re Fogarty*, No. 18-CV-3324, 2020 WL 13442114 (E.D.N.Y. July 1, 2020), *aff'd and remanded*, 39 F.4th 62 (2d Cir. 2022), the debtor, Eileen Fogarty, held a 99% interest in the non-debtor LLC which held title to the real property. The debtor lived at the subject property, but was not personally liable on the mortgage (*ie:* she was not a guarantor). Although she was not originally named in the foreclosure action, she was later named a defendant due to her status as a tenant. A judgment of foreclosure and sale was entered and four days before the sale, the debtor filed a Chapter 7 petition, but the lender still proceeded with the foreclosure sale.

The Second Circuit affirmed the District Court's decision that the sale violated the automatic stay because the debtor was named a defendant in the foreclosure action. *See,* 11 U.S.C. § 362(a)(1). The foreclosure judgment set forth that the named defendants (*ie*: the debtor) were "forever barred and foreclosed of all right, title, claim, lien and equity of redemption in the said mortgaged premises and in each and every part and parcel thereof." *Id.*, at *4. The court held that the debtor's status as a defendant permitted the property's purchaser to evict her which implicated the automatic stay. *Id*. The debtor's right to occupy the property became part of the bankruptcy estate because the foreclosure sale reduced her possessory rights and therefore violated § 362(a)(3).

In comparing this case to the *Ebadi* decision, the court held "[t]hat the debtor in *Ebadi* was a named defendant as a result of his status as guarantor while appellant here was a named defendant as a result of her possessory interest does not change the fact that, in both cases, the foreclosure sale affected the debtor's bankruptcy estate." *Id.*

### Analysis

Filing a voluntary bankruptcy petition operates as an automatic stay applicable to the continuation of judicial proceedings against the debtor and property of the estate. *See*, 11 U.S.C. § 362(a). The estate is defined as "all legal and equitable interests of the debtor in property as of the commencement of the case". *See,* 11 U.S.C. § 541.

Here, it is undisputed that: (1) Simpson, individually, does not own the real property which is the subject of this foreclosure; (2) Simpson does not live at the subject property; (3) Simpson is only named a defendant in this foreclosure due to his personal guaranty of the Note; and (4) no steps have been taken toward the entry of judgment of foreclosure or default/summary judgment against Simpson. To the extent any action is taken against Simpson in this foreclosure, Plaintiff concedes it would be a violation of the automatic stay as it would constitute the "continuation of a judicial action against the debtor". *See*, 11 U.S. C. § 362(a)(1). However, at this time, Plaintiff is merely seeking to pursue a settlement agreement with the LLC which is separate and distinct from Simpson.

As noted by the Court in *Ebadi* (and cited in *Fogarty*), "[t]he stay violation … is predicated on [the seller's] actions taken in furtherance of the foreclosure judgment against the debtor." 448 B.R., at 316. In pursuing the settlement with the LLC, Plaintiff is not taking any action in furtherance of a foreclosure judgment against Simpson. The settlement agreement would affect the real property which is the subject of this foreclosure, but Simpson does not own the real property; the LLC does. Moreover, Simpson does not have a possessory interest in the real property because he does not live there. This, in conjunction with the requirement that the settlement agreement be *subject to the bankruptcy court's approval*, would not stay the LLC and Plaintiff from negotiating a settlement which has no effect on Simpson individually or any property of Simpson's bankruptcy estate.

For these reasons, subject to the limitations outlined above, Plaintiff does not believe that this entire action, or the negotiation of the settlement, is a violation of the automatic stay.

We thank the Court for its continued attention to this matter.

Respectfully,

*/s/ Shauna M. DeLuca*
Shauna M. DeLuca, Esq.
Attorneys for *Plaintiff*
Email: sdeluca@hasbanilight.com

3