

March 30, 2026

The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

>    **Re:**    ***New York 555 LLC v. 1055 Park Ave PH LLC*, Case # 25-01823 (DEH) (KHP)**
>    Effect of Automatic Bankruptcy Stay, Case #26-10359 (Bankr. S.D.N.Y.) (LGB)

Dear Magistrate Judge Parker:

   This letter is respectfully submitted on behalf of Defendant 1055 Park Ave PH LLC (the "LLC"), in response to Your Honor's direction to provide a position as to whether, in light of the personal chapter 11 filing by Jeffrey Simpson, the entirety of this action should be stayed.  Mr. Simpson is a guarantor of the debt of the LLC to Plaintiff in this action. As a result of Mr. Simpon's personal bankruptcy (Case #26-10359 (Bankr. S.D.N.Y.) (LGB)), the action is automatically stayed as to him personally. 11 U.S.C. § 362(a)(1). Although the action is not technically stayed as to the LLC, it is respectfully submitted that it makes sense for this Court to stay the action for the reasons set forth below.

   In his chapter 11 case, Mr. Simpson is a debtor in possession, and, pursuant to 11 U.S.C. § 1107(a), has all the rights, powers, functions, and duties of a bankruptcy trustee, except for the right to compensation from the bankruptcy estate. Mr. Simpson is the sole owner of the LLC and has made this contention on his official bankruptcy schedules and in other filings with the Bankruptcy Court. Other than Plaintiff, neither the LLC nor Mr. Simpson is aware of any other significant creditors of the LLC. I have been informed that Mr. Simpson intends to seek bankruptcy court approval to use his ownership rights of the LLC, which is property of his bankruptcy estate, to consolidate the LLC into his personal bankruptcy, pursuant to 11 U.S.C. § 363(b), which authorizes the debtor in possession to use of property of the estate outside the ordinary course of business after notice and a hearing.

   Under the circumstances, because Mr. Simpson already has the liability associated with the LLC's asset, it makes sense for his bankruptcy estate to have the asset as well. Plaintiff will then be able to deal with Mr. Simpson's bankruptcy counsel directly, Alec Ostrow, Esq., to address the underlying issues relating to the mortgaged property. If the Bankruptcy Court

approves such consolidation, the asset of the LLC, which is the subject Plaintiff's foreclosure action, will become property of Mr. Simpson's bankruptcy estate, and therefore protected by the automatic stay. 11 U.S.C. § 362(a)(1). Plaintiff will then have the right to seek relief from the automatic stay, upon a showing of cause, pursuant to 11 U.S.C. § 362(d)(1). See, e.g., *United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 370 (1988) (adequate protection).[1]

Therefore, it is respectfully requested that the Court stay this action for a period of 45 to 60 days, or other such time as the Court may allow, to afford Mr. Simpson the opportunity to seek approval of his consolidation motion and for the Bankruptcy Court to rule on it.  This brief stay would avoid having to litigate matters in multiple courts.

Relatedly. the Bankruptcy Court is authorized by 11 U.S.C. § 105(a) to stay matters not subject to the automatic stay in the interest of preventing immediate adverse consequences to the bankruptcy estate. *Queenie, Ltd. v. Nygard Int'l,* 321 F.3d 282, 287 (2d Cir. 2003).  It would save the parties considerable costs, if instead of Mr. Simpson's seeking such relief in the Bankruptcy Court, this Court could issue a temporary stay.

I understand that Plaintiff may have documents in its possession indicating that YJ Simco LLC, not Mr. Simpson personally, is the owner of the LLC. I respectfully submit that such documents have become irrelevant because the bankruptcy case of YJ Simco LLC, Case #25-10437 (Bankr. S.D.N.Y.) (LGB), has been dismissed.  An order of dismissal was entered on March 24, 2026, a copy of which is attached for the Court's convenience. It is undisputed that Mr. Simpson and his wife are the owners of YJ Simco LLC, and that they will cause YJ Simco LLC to provide any consents as may be appropriate to the consolidation motion by Mr. Simpson.

For the foregoing reasons, I respectfully request that the Court stay this action for a period of 45 to 60 days.

Respectfully submitted,

Benjamin Robert Rajotte, Esq.

*Attorneys for 1055 Park Ave PH LLC*

cc: Counsel of record via email/ECF

Encl.

---

[1]    On this point, it should be noted that Plaintiff has locked up the premises in a foreclosure while failing to pay for any of the common charges.